Good morning, Your Honor. I am John Clemency of Cause and Ready Strike Lang, representing Emil Marotzke. Judge Gibson, can you hear me okay? Yes, I can. And I want to ask a question. Well, this is in Mr. Maron's brief, but I'd like to ask you a question about it, because I'm highly curious. There's a statement on page 6 of Mr. Maron's brief. Judge Gibson? Yes. We've gone through Maron. I'm sorry. This is now Swedberg. No, he said Mr. Maron's brief. Oh, I'm sorry. I'm sorry. Mr. Maron is representing him. Yes. I got you. All right. Got it. And the statement is, Swedberg later decided to pursue this litigation in the United States District Court for the District of Minnesota. Now, where does that leave us? Where does that leave us right now? Yes. Bus Admin in Minnesota. Well, I think what that leaves us, Your Honor, is really support for my argument that one of the results of this Rule 41 motion, if it's allowed to stand, is form shopping. I think that's where it leaves us. I don't believe there's any abatement or mootness or anything like that, if that's Your Honor's question. Well, that's what I was worried about. I don't believe that's so. I believe the appeal's right. You can remand this matter back to the District Court in Arizona, and the Minnesota case would be abated, should be abated. Your Honors, I have really four main things that I'd like to accomplish today. First one is answer any of your questions. Second one is to propose a desired rule in this case, and Judge Fischer, using your ship analogy or your ocean analogy in the earlier case or your sea analogy, I'd like to propose a rule that says a voluntary dismissal or the ship has sailed on a voluntary dismissal under Rule 41 in a case like ours where the plaintiff actually injects into the record extraneous matters and moves functionally for summary judgment on a case dispositive. I don't think our role is to formulate rules. We're not in maritime jurisdiction. I don't think we'll do that. My concern is could you address what we derive from Rule 12b that says if matters outside the pleadings are presented to and not excluded by the court, where would we find any authority in the rules to impose the kind of who initiated language that you would superimpose on that? Because isn't it really turn on when the court acts? People put all sorts of stuff in their complaints and whatever. If the court never looks at it, how does it suddenly become a summary judgment motion to fall within Rule 41? Well, the way I'd start by responding to that, Your Honor, is in our situation, the plaintiff injected into the record a lot of extraneous stuff and invited the court to treat, to consider all of that extraneous stuff for the plaintiff to come in today and to suggest that it surprised or that it didn't want the court to consider all of those things and that, indeed, it wanted the court to exclude those things. I think it's impossible. But that's not what the rule talks about. The rule says, Rule 41 says that prior to an answer, which you didn't file, or a motion for summary judgment, which you didn't file, then he can withdraw. The plaintiff can withdraw unilaterally. So what you're saying, well, if you come in on a response to a motion to dismiss and put forward any documents, you have now converted your, the defendant's motion from a 12b-6 into a motion for summary judgment, even if the court hasn't yet decided to accept any of that extraneous material. Your Honor, let me go to the rule. And the rule says a motion to dismiss, if it is supported by extraneous matters, will be treated, shall be treated, it's mandatory, shall be treated as a motion for summary judgment unless the court excludes those matters. Well, that's what I wrote. Right. I said if the matters outside the pleading are presented to and not excluded by the court. Right. And there is nothing in the record to suggest that the court excluded anything that was presented. Well, you mean it has to exclude them before they file their Rule 41 motion? I don't see anything in the rule that says that, Your Honor. I understand your position. I really do. And I understand that there's foreign shopping apparently going on here, and they didn't like the tentative ruling. But the concern is tracking through the language. The language used in Rule 41 talks about a motion for summary judgment. It doesn't talk about a 12b-6 motion. And what you're asking us is to say that it becomes, as a matter of construction, a summary judgment motion if the party that you're concerned about adds extraneous materials, even if the court ultimately might not even consider those, might continue to treat it as a straight 12b-6. Well, Your Honor, my response to that is you're adding a lot of even those that I'm not arguing for, and you're adding a lot of even those that didn't happen below. The reality is there was a motion to dismiss, a three-page motion to dismiss. It was met by the plaintiff with a 12-page response in opposition that asked for two things, a dispositive ruling supported by materials on the very issue that was raised in the motion to dismiss. And their dispositive ruling couldn't have occurred without their additional materials. Okay. We were then engaged, and we had to respond in kind. Okay. Under those circumstances, particularly where Judge Magistrate Sitberg did not exclude them, in fact, went to a hearing and considered them, I think you have a mandatory, under Rule 12b-6, conversion of the motion. Or mandatory, it's functional. And if you look at the cases, they also say apply the And I think a fair reading of Rule 12b-6 is unless the judge affirmatively excludes it or unless the judge says, you know what, I'm not going to hear any of that extraneous matter, you have a summary judgment motion. But just so I understand the sequence here, you filed your short motion to dismiss. Right. They came back with all cannons blazing. Right. And then what did the judge do at that point? Up until the point the Rule 41 unilateral dismissal motion was filed. The judge did nothing. Nothing. Okay. Now, all of this, what went on about the judge, the magistrate judge looking at all of the materials and considering them transpired after the filing of the Rule 41 motion, correct? That's true. Okay. Okay. So under your rule, if we were to fashion your rule, your rule would be that once the plaintiff, in this case, filed extraneous materials and for all intents and purposes was attempting to turn it into a motion for summary judgment, the language of not excluded by the court would mean that the court would have to take some action in this pleading process before the court would normally have anything triggering its action. Normally, when the court gets it, the court doesn't sit there reading all of the papers as they come into court, correct? Your Honor, I'd like to reserve just about a minute. Go ahead. Just so I can answer that question. Because I'd like to understand how your rule would play out as a practical matter. The way I think the rule plays, Your Honor, is when you have the situation that we had, which was a motion, then a response, and a significant engagement of the defendant into the case with extraneous matters, and without any act by the judge to say, I'm not going to hear any of that. Then you foreclose the ability of a party under Rule 41 to jump out of the suit and avoid a dispositive action. Okay. And if I could just save a little rebuttal time, thank you. Yeah, go ahead. May it please the Court, my name is David Merring, and I represent Kazay Swedberg with respect to this case. I'll ask you my question. What's happening in Minnesota? In Minnesota, Judge Gibson, the case was started because of statute of limitations concerns and then put on hold by agreement of the parties and order of the magistrate judge that's overseeing the initial stages of that lawsuit pending the outcome of this appeal and any further proceedings that there might be in this case. Okay, so it's on hold waiting for a decision in this case. That's correct. Okay. Your statement in that brief cut me short. I'm sorry we didn't explain that better, Judge Gibson. The three things that need to happen in a typical conversion from a 12B6 to a 56 is that outside materials are presented, number two, that the court, the trial court, exercises his or her discretion not to exclude those materials, and third, that once it's converted, the parties are given additional and reasonable opportunity to respond to this motion as a motion for summary judgment. My question relates to number two and not excluded by the court. That doesn't say anything about him having to exercise discretion. It just says that if it isn't included, then it's treated as summary judgment. Your Honor, the issue about the judge's discretion and what you focus on with respect to that second element, in our opinion, has been answered in the Anderson case, the 1996 case of the Ninth Circuit, which we've cited in our brief, and it says that the conversion is not automatic upon the submission of materials by either party, by either party. It's not an automatic conversion. What happens is that the question becomes did the court rely on them and that there has to be a focus on what the court relied on and not whether or not the materials were submitted and not thrown out. The issue is not whether they were simply not thrown out. Did the court consciously rely on those materials? And that's the same decision that the Ninth Circuit came up with in the 1983 North Star case that's cited in our brief. And so the very issue of whether or not it's automatic, no matter which party submits the materials, has been decided by this court already. The only issue then becomes in the context of a Rule 41 motion, does the rule become different in a situation where we're analyzing a Rule 41 dismissal as compared to the facts that were present in Anderson or in North Star? I submit to the court that it would be very difficult to have two different rules for different situations. When the issue comes up of whether or not there's a conversion, the district court has to make a conscious decision whether to exclude or not to exclude, and there are several cases that have considered that to be a discretionary decision by the district court. The rule that's being proposed by the appellant would transfer that decision away from the district court, and instead the plaintiff would have control over whether there's a conversion or not. So there was a hearing, was there not? There was a hearing after the voluntary dismissal. But does the, under this rule, does the district court have to exercise its discretion before there's something else that happens? Or when it's submitted and not excluded and the judge hasn't acted yet, can't the judge act later? No, the judge cannot act later, Your Honor, because once there's been a Rule 41A voluntary dismissal, the case is over. You don't need an order of dismissal. Did you argue that to the magistrate judge, that he shouldn't be holding this hearing? Absolutely, Your Honor. I filed an objection to the hearing because the case was over. The magistrate judge ruled the first time on February 10 of 2000, which was some 20 days or so after the voluntary dismissal was filed, that he was going to strike the voluntary dismissal. Then a motion for reconsideration was filed where we again argued the same principles, and unfortunately that motion didn't get decided until the year 2002. But the magistrate judge realized at that point and placed in his second order that he had taken no action. He had done absolutely nothing with respect to the materials that had been submitted by either party prior to the time the voluntary dismissal had been filed, and therefore there was nothing he could do at that point. And the court uses, the magistrate judge uses some interesting language when he says, the plaintiff in effect invited this to be treated as a motion for summary judgment, but I hadn't accepted the invitation yet. There had been no determination by me that these materials were going to be considered. And again, it would not be appropriate for the plaintiff to be making the decision of whether or not there is a conversion. That decision, discretionary decision, has to be by the trial court, and the Anderson case specifically says that that's. Just so I understand the sequence, you filed, they filed their motion to dismiss. That's correct. And you then responded with a rebuttal citing transcripts and other things that were clearly beyond the pleadings. That's correct. And then what was the next pleading filed, either by you or by the defendants? The next pleading, as I recall, was a reply brief by the defendant, which also included affidavits and extraneous materials. So at that point you had, in essence, a summary judgment type of exchange of briefs. That's correct. And then you evaluated your case and decided to bail out. That's correct. And then at that point on January 18 of 2000, the voluntary dismissal was filed, and it wasn't until February 10 of 2000, some 22 days later, that the court held the hearing, and at that point in his first order said, Well, now because I'm on February 10, 2000, because I'm considering these extraneous materials, I'm going to say this is a summary judgment motion. That's what he said in his first order. When he reconsidered it in his second order, he said, I can't on February 10, 22 days after the dismissal, make the decision that I'm going to consider these extraneous materials because it's too late. Okay. So under your rule, then, in the posture of this case, if the court has set the hearing before you filed your Rule 41 dismissal, would that have been enough to suggest? What if, for example, the court set in the notice of hearing and said, This matter will be set for hearing on the motion for summary judgment, called it a summary judgment motion. Would that be enough, then, to say that your opportunity was cut off to file a unilateral motion to dismiss? If the court sent out a notice that there was going to be a hearing on the summary judgment motion, that certainly comes close. I suppose the court would then have to, at some point in time, declare whether it had already determined that it was going to consider it as a summary judgment motion, but that your hypothetical makes it sound like the court has, and that probably cuts it off. An interesting case, Your Honors, is a Ninth Circuit case that, unfortunately, isn't in our brief. It's a Miller case from 1970 at 422 F. Second 1264. And in that case, there had been a motion to dismiss that had been filed, and there was actually a hearing on the motion to dismiss, and the court made an oral ruling from the bench that it was going to grant the defendant's motion to dismiss. And even at that point, the plaintiff was allowed to file a voluntary motion for dismissal. So the timing of the voluntary dismissal is the critical element, and the court said in Miller that, No, there hasn't been a dismissal by the court, and there wasn't a summary judgment motion, so the plaintiff can still file a voluntary dismissal and unilaterally cut off the case and end the case without any further order of the court. And I would like to make it clear, Your Honors, that in this particular instance, the summons and complaint was not filed until November 5 of 1999, and then our process of briefing and responding to the motion to dismiss took place in November and December, and by January 18, 2000, there was a dismissal of this case some two and a half months later. There are some cases that have been cited for the proposition that once a case has gone on for many years, that there might be some different view of it. All right, your time is up. Thank you. Thank you, Your Honor. John Clements again, just to close the gap on your last question about when can the plaintiff bail in a situation like this, because I think that's really the crux of the matter here. If we allow the plaintiff, in this case or similar cases, to functionally posture a matter to be case dispositive as a summary judgment motion and then bail under Rule 41, you've compromised Rule 1 of the Federal Rules of Civil Procedure that require a prompt, economical, and efficient determination. We know we're going to have two fights rather than one, and one was ready to be all teed up. What if you had filed an answer and then moved to dismiss? Obviously, that would have been a different situation. I mean, an answer cuts it off. But here, Your Honor, we also have clear form shopping. I mean, it's admitted. There's another case in Minnesota, so they can access a longer statute of limitations. You also have here essentially a use of Rule 41, voluntary dismissal, to overcome a venue decision that Judge Sipfer used, and that certainly isn't the sort of use that you want to sanction here. You also have the use of Rule 41 to avoid what apparently was going to be an adverse decision. All of those things. How would they know that at the time they filed the Rule 41? Because clearly the plaintiffs had assessed their case and saw the handwriting on the wall and filed a Rule 41 motion to avoid having Judge Sipfer not exclude things which he hadn't excluded and rule adversely against them. That's not the way the rules of procedure are supposed to be put to use. Okay. Judge, do you have a question? The only thing, it seems to me, in following up on Judge Fisher's question, is it's very easy for the other side to avoid that by filing an answer or a motion for summary judgment. And, Your Honor, that's true. But if you look at the legion of cases, well, let me back up. I suppose that's my response to that would be we certainly could have done all that, but by the same token we have a mechanism under Rule 12b-6 that came into play in this case, as it was intended to come into play in this case. And all of the decisions that we've cited, including Ninth Circuit decisions, like the San Pedro case and the Grove case, clearly stand for the proposition that in those situations there doesn't need to be notice to the other side. The other side knows that the court can and will treat the extraneous matters in the 12b-6 motion as a summary judgment motion, and therefore you get the result that we've gotten where the majority of the cases don't allow Rule 41 to come in and short-circuit a case in these situations. Thank you, Your Honor. Okay, thank you. Appreciate the argument. The case just argued is submitted.
judges: Hug, Gibson, Fisher